UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEFFREY W. STILLMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No.  5:14-cv-05573-EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 13, 18 |

Plaintiff Jeffrey W. Stillman ("Plaintiff") brought this action pursuant to 42 U.S.C. § 405(g) to obtain review of the decision of the Commissioner of Social Security (the "Commissioner") denying Plaintiff's application for Social Security Disability benefits. Plaintiff's motion for Summary Judgment seeks an order reversing the Commissioner's final decision denying benefits and remanding the matter to award benefits, or in the alternative, a remand for further administrative proceedings. Having carefully considered the relevant documents submitted by both parties, the court DENIES Plaintiff's Motion for Summary Judgment, and GRANTS the Commissioner's Cross-Motion for Summary Judgement for the reasons explained below.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

   **A.   Procedural History**

On September 20, 2012, Plaintiff filed for Social Security Disability Insurance Benefits under Title II of the Social Act. Administrative Transcript ("Tr.") at 119–121. Plaintiff's claim was initially denied by the Social Security Administration on April 11, 2013 because his condition was not deemed disabling on any date through December 31, 2012. Tr. at 79–84. Plaintiff's

request for reconsideration was granted and the Social Security Administration again denied his claim on October 29, 2013.  Tr. at 91–96.[1]

Subsequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which occurred before ALJ Christopher Inama on May 7, 2014.  Tr. at 29–63.  Following the hearing, the ALJ rendered an unfavorable decision on July 25, 2014.  Tr. at 9–28.  On October 27, 2014, the Appeals Council denied the request for review, and the ALJ's decision became the final decision of the Administration.  Tr. at 1–5.

Plaintiff filed the instant action requesting judicial review of the Administration's decision on December 22, 2014.  See Compl., Docket Item No. 1.  Plaintiff moved for summary judgment on June 26, 2015.  See Docket Item No. 13.  The Commissioner filed a cross-motion for summary judgment on September 8, 2015.  See Docket Item No. 18.

### B.  Plaintiff's Personal, Vocational and Medical History

Plaintiff was born on June 16, 1962.  Tr. at 104.  He was fifty years old on the last date he was insured, December 31, 2012.  Tr. at 21.  After earning a bachelor's degree from New York University in 1988, he started working in the construction industry.  Tr. at 144–146.  Plaintiff alleges disability due to mental impairments.  Tr. at 128–142.  He has been diagnosed with bipolar disorder and psychotic disorder.  Tr. at 17.  He also alleges post-traumatic stress disorder (PTSD) stemming from several traumatic events, including sexual assault when he was 12 years old, and a rape and kidnapping in early 1980s.  Id.  The record also shows treatment for some physical complaints, such as shoulder, back, and neck pain.  Id.

Plaintiff also has a documented history of drug and alcohol abuse, and his psychotic symptoms have been linked to substance abuse or withdrawal.  Id. at 17−18.  The record shows a number of hospitalizations related to drug or alcohol.[2]

---

[1] The relevant document is not dated in the Administrative Transcript.  However, the ALJ notes that Plaintiff's claim was denied upon reconsideration on October 29, 2013.  Tr. at 12.

[2] In March 2011, Plaintiff was twice discharged with an alcohol and cocaine related diagnosis at the Jersey City Medical Center.  Tr. at 277-285, 285-397.  During 2012, Plaintiff, on three

2
Case No.: 5:14-cv-05573-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

With the alleged onset dated April 1, 2008, Plaintiff has not worked since 2008 when he was fired from his last full-time job because he became argumentative and hostile with a supervisor. Tr. at 40. Plaintiff testified during a 2014 hearing that he worked for two days with a construction firm in San Francisco, but lost the job again due to his inability to tolerate superiors and subordinates whom he did not feel were acting according to his wishes. Id. As to his interest in working in different fields, Plaintiff further testified that he has a "problem with this issue," because the thought of making less money than he had in construction–purportedly $120,000 a year–made him "incredibly angry." Tr. at 46.

## II. LEGAL STANDARD

### A. Standard for Reviewing the ALJ's Decision

The Court has authority to review an ALJ's decision denying disability benefits. 42 U.S.C. § 405(g). The Social Security Act states that, upon review of the Secretary's decision by the district court, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive ..." Id. Accordingly, the Court's jurisdiction is limited to determining whether the denial of benefits is supported by substantial evidence in the administrative record. Reversal of an ALJ's decision is only appropriate where it is not supported by substantial evidence or the decision is based on legal error. Id.; accord Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001).

"Substantial evidence" is more than a scintilla, but less than a preponderance. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). The inquiry here is whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached by the ALJ. Richardson v. Perales, 402 U.S. 381, 401 (1971); Sample v. Schweiker, 694 F.2d

---

different occasions, presented to Stanford Hospital and was diagnosed with alcohol and cocaine abuse. Tr. at 406–477. On his last visit in May 2012, Plaintiff reported he relapsed on alcohol right after his previous discharge. Id. Plaintiff's continued alcohol problem was also evident during the hearing before the ALJ–Plaintiff admitted to drinking just ten days prior, and admitted that he was evicted from his recovery house in February 2014 for consuming alcohol. Tr. at 43–44.

3

Case No.: 5:14-cv-05573-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

639, 642 (9th Cir. 1982). Where evidence is susceptible of more than one rational interpretation, it is the ALJ's conclusion which must be upheld, and in reaching his findings, the ALJ is entitled to draw inferences logically flowing from the evidence. Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir.1971); see also Beane v. Richardson, 457 F.2d 758 (9th Cir. 1972).

### B.     Standard for Determining Disability

Disability is the "inability to engage in any substantive gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The impairment must be so severe that an applicant is unable to do her previous work, and cannot "engage in any other kind of substantial gainful work which exists in the national economy," given the applicant's age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

The ALJ evaluates Social Security disability claims using a five-step process. 20 C.F.R. §§ 404.1520, 416.920. The steps are as follows:

1) The ALJ must first determine whether the applicant is presently engaged in substantially gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the applicant is not disabled; otherwise the evaluation proceeds to step two.

2) The ALJ must determine whether the applicant has a severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the applicant is not disabled; otherwise the evaluation proceeds to step three.

3) The ALJ must determine whether the applicant's impairment or combination of impairments meets or medically equals the requirements of the Listing of Impairments. 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the applicant is disabled; otherwise, the analysis proceeds to step four.

4) The ALJ must determine the applicant's residual functional capacity ("RFC") despite limitations from the applicant's impairments. 20 C.F.R. §§ 404.1520(e), 416.920(e).

4

Case No.: 5:14-cv-05573-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

>If the applicant can still perform work that the individual has done in the past, the applicant is not disabled. If she cannot perform the work, the evaluation proceeds to step five. 20 C.F.R. §§ 404.1520(f), 416.920(f).
>
>5) In this step, the Commissioner has the burden of demonstrating that the applicant is not disabled. Considering the applicant's age, education, and vocational background, the Commissioner must show that the applicant can perform some substantial gainful work in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g).

"The [applicant] carries the initial burden of proving a disability." Ukolov v. Barnhart, 420 F.3d 1002, 1004 (9th Cir. 2005). Consequently, the burden of proof is on the applicant as to steps one to four. As to step five, the burden shifts to the Commissioner. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999). If an applicant is found to be "disabled" or "not disabled" at any step in the sequence, there is no need to consider subsequent steps. Id. If the applicant proves a prima facie case of disability, the burden shifts to the Commissioner to establish that the applicant can perform a "significant number of other jobs in the national economy." Thomas, 278 F.3d at 955. "The Commissioner can meet this burden through the testimony of a vocational expert or by reference to the Medical Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2." Id.

### III. DISCUSSION

The ALJ made the following findings and conclusions on the five steps: (1) for step one, the ALJ determined Plaintiff had not engaged in substantial gainful activity since Plaintiff's alleged onset date of April 1, 2008 through his date last insured of December 31, 2012; (2) for step two, the ALJ determined Plaintiff has "severe" medical impairments, including affective disorder (bipolar disorder, history of schizophrenia and psychotic disorder correlated with alcohol abuse and withdrawal) and substance addiction disorder; (3) for step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments; (4) for step four, the ALJ determined Plaintiff's medical impairments precluded him from performing his past relevant work as it generally is performed;

5

Case No.: 5:14-cv-05573-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

1  (5) for step five, considering Plaintiff's age, education, work experience, and RFC, the ALJ
2  determined that there are jobs that existed in significant numbers in the national economy that
3  Plaintiff could have performed.
4        Plaintiff requests the Court reverse the ALJ's final decision and remand the case to the
5  Social Security Administration for an award of benefits. <u>See</u> Pl's MSJ. Alternatively, Plaintiff
6  requests that this case be remanded for further administrative proceedings to re-adjudicate the
7  issues. <u>Id.</u> Plaintiff supports these requests with the following contentions: (1) the ALJ violated
8  the failure-to-follow prescribed treatment regulations; (2) the ALJ either failed to follow the two-
9  stage method for evaluating substance use or his findings are inconsistent; and (3) the ALJ
10  erroneously rejected treating psychiatrist Dr. Matin's more restrictive opinions.

    **A.    The ALJ Found Plaintiff Not Disabled Because He Was Capable of Work, Not Because He Had Failed to Follow Prescribed Treatment**

13  Plaintiff argues that the ALJ misapplied 20 C.F.R. § 404.1530 (entitled "Need to follow
14  prescribed treatment"). Pl's MSJ at 7. The regulation states that, "[i]n order to get benefits, you
15  must follow treatment prescribed by your physician *if this treatment can restore your ability to*
16  *work*." 20 C.F.R. § 404.1530(a) (emphasis added). Plaintiff states that because the regulation
17  refers to restoring the applicant's ability to work, finding the applicant disabled is a necessary
18  precondition to the application of the regulation. Pl's MSJ at 8. Plaintiff calls this the "disability
19  requirement." <u>Id.</u> Accordingly, Plaintiff claims the ALJ should have found Plaintiff disabled. <u>Id.</u>
20  However, the Court finds this argument unpersuasive. The ALJ did not use the regulation in
21  finding Plaintiff not disabled. Tr. at 19–21. Rather, it was Plaintiff's capability of work which led
22  the ALJ to find him not disabled. Tr. at 22–23. Therefore, the issue of whether the "disability
23  requirement" is met is irrelevant, even if it is true that § 404.1530 suggests such a requirement.
24        As to Plaintiff's argument that the ALJ failed to develop an adequate record regarding
25  "good reasons," again, the ALJ's finding of non-disability did not involve 20 C.F.R. § 404.1530.
26  Tr. at 19-21. Plaintiff states the ALJ, under SSR 82-59, should have probed Plaintiff's "good

United States District Court
Northern District of California

reasons" for being noncompliant with the prescribed treatment. Pl's MSJ at 9. But the burden is on Plaintiff to prove his eligibility for benefits. 42 U.S.C. § 423(d)(5). The ALJ has no duty to develop the record beyond what Plaintiff presents unless there is "ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." Mayes v. Massanari, 276 F.3d 453, 459–60 (9th Cir.2001). Here, there is no indication that the record before the ALJ was ambiguous or inadequate. Therefore, the ALJ was not required to investigate further into whether Plaintiff had "good reasons" for not complying with the prescribed treatment.

Plaintiff also objects to the ALJ's reliance on out-of-circuit case, namely Roth v. Shalala, 45 F.3d 279 (8th Cir. 1993). Pl's MSJ at 7. In Roth, the Eighth Circuit held "[i]f an impairment can be controlled by treatment or medication, it cannot be considered disabling." Id. at 283. The Ninth Circuit law is on par with that of the Eighth Circuit. For example, in Warre v. Commissioner Social Security, 439 F.3d 1001, 1006 (9th Cir. 2006), the Ninth Circuit held "impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits." In addition, in Odle v. Heckler, 707 F.2d 439, 440 (9th Cir.1983), the Ninth Circuit affirmed a denial of benefits while noting that the applicant's impairments were responsive to medication. Here, the ALJ found Plaintiff in "good control of his symptoms, when he was taking his medication." Tr. at 19. The ALJ further found that Plaintiff "maintains an ability to sustain some work, so long as he is compliant with his medication." Tr. at 19. Thus, the ALJ properly determined Plaintiff not disabled based on his continued ability to work.

### B.   The ALJ Properly Applied the Two-Stage Method

Plaintiff contends the ALJ failed to follow the two-stage method for evaluating substance use, because the ALJ engaged in the second step inquiry without addressing the first step. Pl's MSJ at 10–11. The Court disagrees.

The regulation states that, "*if we find that you are disabled* and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism

7

Case No.: 5:14-cv-05573-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

is a contributing factor material to the determination of disability." 20. C.F.R. § 404.1535(a) (emphasis added). Here, the ALJ found Plaintiff not disabled. Tr. at 19–21. Accordingly, the ALJ was under no obligation to analyze whether Plaintiff's alcohol use would be a "contributing factor material to the Commissioner's determination of disability." 42 U.S.C. § 423(d)(2)(C).

Furthermore, the Ninth Circuit has reiterated the position articulated in the regulation. In Bustamante v. Massanari, 262 F.3d 949, 955 (9th Cir. 2001), the Ninth Circuit held that "[A]n ALJ must first conduct the five-step inquiry without separating out the impact of alcoholism or drug addiction. If the ALJ finds that the [applicant] is not disabled under the five-step inquiry, then the [applicant] is not entitled to benefits and there is no need to proceed with the analysis under 20 C.F.R. §§ 404.1535 or 416.935." Here, the ALJ conducted the five-step sequential inquiry with the impact of Plaintiff's substance use. Tr. at 14-23. The ALJ found Plaintiff not disabled because he concluded that Plaintiff is capable of work "even with [drug and alcohol] use." Tr. at 19. Therefore, contrary to Plaintiff's mistaken belief, no further analysis under 20 C.F.R. §§ 404.1535 was required. Bustamante, 262 F.3d at 955.

### C. The ALJ Properly Weighed Dr. Matin's Opinion

Plaintiff next claims the ALJ erroneously rejected Dr. Matin's more restrictive opinions in favor of the ALJ's RFC assessment. Pl's MSJ at 12. The Court finds this argument unpersuasive.

When an ALJ rejects a treating or examining physician's opinion that is contradicted by another doctor, he must provide specific, legitimate reasons based on substantial evidence in the record. See Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 692 (9th Cir. 2009); Ryan v. Comm'r of Soc. Sec. Admin., 528 F.3d 1194, 1198 (9th Cir. 2008); see also 20 C.F.R. §404.1527(d)(2). Moreover, as long as the opinions of a non-treating or non-examining physician opinions are consistent with independent clinical findings or other evidence in the record, those opinions may serve as substantial evidence. Thomas, 278 F.3d at 956–957. In this case, Drs. Bradus and Garcia assessed that Plaintiff is not disabled. Tr. at 608–623. This contradicts Dr. Matin's opinion that Plaintiff suffers from severe mental limitations. Accordingly, the ALJ was

8

Case No.: 5:14-cv-05573-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

required to provide specific and legitimate reasons for discounting Dr. Matin's opinion.

In his decision, the ALJ properly explained the reasons for giving "little weight" to Dr. Matin's opinion. First, the ALJ noted Plaintiff did not appear to be entirely honest with Dr. Matin regarding his substance use. Tr. at 19. Dr. Matin stated Plaintiff had not used drugs in the past 5 years, and that Plaintiff only used alcohol approximately 4 times since 2012. Tr. at 628. Yet, the ALJ noted Plaintiff not only acknowledged ongoing and current alcohol use, but also cocaine use as recently as 2012. Tr. at 21. Specifically, at the hearing, Plaintiff admitted to drinking just ten days prior, and stated his eviction from the recovery house in February 2014 was due to his consumption of alcohol. Tr. at 43–44.

Second, the ALJ found Dr. Matin's diagnoses inconsistent. Tr. at 21. For example, in two near contemporaneous written statements,[3] Dr. Matin's opinions regarding Plaintiff's substance use are vastly different. While noting in the mental capacity statement that Plaintiff's substance use was sporadic and isolated, Dr. Matin then wrote in his treatment notes, Plaintiff had a significant alcohol relapse and tended to minimize his alcohol use. Compare Tr. at 606, with Tr. at 628. In addition, Dr. Matin described Plaintiff's mental status evaluations as generally within normal limits, which contradicts the extreme limitations set forth in the mental capacity statement. Compare Tr. at 508-519, with 624-628.

Third, the ALJ dismissed Dr. Matin's disability finding under August 2012 General Assistance (GA), because GA uses different and less stringent criteria when determining disability than the Social Security Act requires.[4] Tr. at 20.

Lastly, regarding Dr. Matin's report that Plaintiff had significant limitations with sitting and lifting, the ALJ rejected his opinion as it was outside his field of expertise. Id.

In sum, the ALJ found Dr. Matin's conclusions inconsistent with the record as a whole.

---

[3] The inconsistent statements are made on January 31, 2013 (Dr. Matin's treatment notes) and April 2013 (Dr. Matin's mental capacity statement to the agency).

[4] The GA form asks whether a patient has a physical disorder, mental disorder, or substance abuse problem which limits his or her employability. Tr. at 480.

1 The substantial evidence, including the contradicting opinion from the state agency and the record,
2 support the ALJ's evaluation of Dr. Matin's opinion.

**IV. CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiff's Motion for Summary Judgment, and GRANTS Commissioner's Cross-Motion for Summary Judgment

Judgment will be entered in favor of the Commissioner, and the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: March 8, 2016



EDWARD J. DAVILA
United States District Judge

10

Case No.: 5:14-cv-05573-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT